The Porto Rico Leaf Tobacco Co., Recurrente, *v.* El Registrador de Guayama, Recurrido.

Recurso contra nota del Registrador de la Propiedad de Guayama. denegando la inscripción de una escritura de préstamo con interés e hipoteca.

No. 249.—Resuelto en febrero 10, 1916.

Hipoteca—Tasación de la Finca a los Efectos de la Subasta—Falta de Finalidad Práctica del Artículo 127 de la Ley Hipotecaria—Defectos.—El

artículo 127 de la Ley Hipotecaria carece actualmente de finalidad práctica por no existir en la Ley de 9 de marzo de 1905, relativa al modo de satisfacer las sentencias, indicación alguna respecto a un precio mínimo, ni ninguna posibilidad de alguna controversia o cuestión acerca de la debida valoración de la finca que ha de venderse, y por tanto, el hecho de que en la escritura de hipoteca no se haga constar dicho precio no puede considerarse en el sentido de que por ello el documento sea defectuoso.

Los hechos están expresados en la opinión.

Abogado de la recurrente: *Sr. Luis Muñoz Morales.*

El registrador recurrido, Sr. Rafael Tirado Verrier, no compareció.

El Juez Asociado Sr. Hutchison emitió la opinión del tribunal.

Presentada por la recurrente para su inscripción en el Registro de la Propiedad de Guayama una escritura de hipoteca el registrador puso al pie de la misma la siguiente nota:

"Inscrito el precedente documento con vista del poder que menciona, a los folios, tomos, números e inscripciones que se expresan al margen de la inscripción de cada una de las fincas de que se trata; en las que se hace constar el defecto subsanable de no valorarse dichas fincas a los efectos del artículo 127 de la Ley Hipotecaria. Guayama, agosto 26 de 1915.   El registrador, Rafael Tirado Verrier."

El artículo 127 de la Ley Hipotecaria que ha sido citado por el registrador prescribe lo siguiente:

"En la escritura de hipoteca se hará constar el precio en que tasan la finca los contratantes, para que sirva de tipo a la única subasta que se debe celebrar, en el caso de que, vencido el plazo del préstamo, no conste en el registro de la propiedad el pago de dicho préstamo."

El único objeto del requisito relativo a la valoración es, como expresamente se determina en la misma ley, el fijar un tipo para la venta de la finca cuando se celebra de acuerdo con el procedimiento que más adelante se describe en dicha ley.

En el caso de *Cintrón et al* v. *Banco Territorial y Agrícola,* 15 D. P. R., 507, se resolvió, según se expresa en el sumario, que

"El procedimiento especial para el cobro de créditos con hipotecas está vigente todavía en su grado inicial, o sea hasta su requerimiento inclusive al deudor para el pago de la deuda, y derogado en la parte que podría llamarse vía de apremio, es decir, en lo que se refiere a la venta de la propiedad gravada con la hipoteca, venta que debe sujetarse en un todo a lo dispuesto en la ley aprobada en 9 de marzo de 1905, relativa al modo de satisfacer las sentencias."

De conformidad con la ley de 1905 no existe indicación alguna respecto a un precio mínimo ni ninguna posibilidad de alguna controversia o cuestión acerca de la debida valoración de la finca que ha de venderse. Resulta, pues, que el artículo 127 de la Ley Hipotecaria carece actualmente de finalidad práctica y el dejar de cumplir con el requisito exigido por el mismo no puede considerarse en el sentido de que por ello el documento es defectuoso.

Debe revocarse la nota recurrida y ordenarse al registrador que proceda a verificar la debida corrección en la inscripción.

*Revocada la nota en la parte recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf y Aldrey.

El Juez Asociado Sr. del Toro no intervino en la resolución de este caso.