DAVID IGLESIAS JORDÁN, recurrente, *v.* EL REGISTRADOR DE LA PROPIEDAD DE UTUADO, recurrido.

No. 858.—*Sometido:* Enero 13, 1932. *Resuelto:* Enero 19, 1932.

*G. Zeno Sama,* abogado del recurrente; el registrador recurrido compareció por escrito.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Tenemos ante nos la interpretación que ha de dársele a la Ley No. 69 de 1931. Dicha ley fué aprobada en mayo 1, 1931, y debía empezar a regir noventa días más tarde, o sea, el 30 de julio del mismo año. Esta ley dice así:

"Artículo 1.—El artículo 127 de la Ley Hipotecaria vigente queda enmendado en la forma siguiente:

" 'Artículo 127.—En la escritura de hipoteca se hará constar el precio en que tasan la finca los contratantes, para que sirva de tipo a la primera subasta que se debe celebrar, en el caso de que, vencido el plazo del préstamo, no conste en el registro de propiedad el pago de dicho préstamo.

" 'Si no produjere remate ni adjudicación la primera subasta, en la segunda que se celebrare servirán de tipo las dos terceras partes del precio en que hayan tasado la finca los contratantes, pero cuando esas dos terceras partes no excedieren de la cuantía de las responsabilidades preferentes, esa cuantía señalará el mínimo de las posturas admisibles.

" 'Si tampoco hubiere remate ni adjudicación en la segunda subasta, regirá como tipo en las otras subastas que pudieran celebrarse el valor total a que ascienden los créditos preferentes.'

"Artículo 2.—Las disposiciones de la Ley de 9 de marzo de 1905, relativa a las sentencias y la manera de satisfacerlas, en cuanto se opongan a los preceptos del artículo 127 de la Ley Hipotecaria, según queda enmendado por el artículo anterior, y toda otra ley, o

parte de ley, que esté en contradicción con la presente, quedan derogadas.

"Artículo 3.—Esta ley empezará a regir a los noventa días después de su aprobación."

La cuestión específica envuelta es si las hipotecas otorgadas con anterioridad al 30 de julio de 1931 deben contener necesariamente el avalúo de la propiedad.

■■ En el presente caso se otorgó una hipoteca voluntaria por David Iglesias Jordán para garantizar a Louise Mersch Esteva la suma de $700. Fué otorgada el 11 de julio de 1931. Al presentársele al registrador en octubre 19, 1931, éste la inscribió con el defecto subsanable de que no se había especificado el valor.

La Ley Hipotecaria de 14 de julio de 1893 disponía en su artículo 127 lo siguiente:

"En la escritura de hipoteca se hará constar el precio en que tasan la finca los contratantes, para que sirva de tipo a la única subasta que se debe celebrar, en el caso de que, vencido el plazo del préstamo no conste en el Registro de la Propiedad el pago de dicho préstamo."

En varias decisiones de este tribunal, *Porto Rican Leaf Tobacco Co.* v. *Registrador,* 23 D.P.R. 507; *Cintrón et al.* v. *Banco Territorial y Agrícola,* 15 D.P.R. 507; *Giménez et al.* v. *Brenes,* 10 D.P.R. 128, se ha resuelto que la ley de marzo 9, 1905, que alteró la forma de ejecutar las hipotecas, hizo que la expresión del valor de la finca, conforme lo exigía la sección 127 de la Ley Hipotecaria, careciera de fin o necesidad prácticos. Por tanto, por lo menos hasta el 1°. de mayo de 1931, era innecesario expresar el valor de la propiedad al otorgarse una escritura de hipoteca.

El recurrente sostiene que la Ley No. 69 no podía tener efecto retroactivo y por tanto que no era aplicable a un notario que otorgara una escritura en julio 11, 1931. El registrador sostiene que la disposición del artículo 127 de la Ley Hipotecaria nunca fué en realidad abrogada y que la Ley No. 69 siendo solamente una disposición adjetiva podía revivir

definitivamente el artículo 127 de la Ley Hipotecaria aun respecto a escrituras otorgadas con anterioridad al 30 de julio de 1931.

Cremos que el registrador está equivocado. Las leyes son prospectivas. La ley de 1905 estuvo en vigor hasta el 30 de julio de 1931. Con anterioridad a dicha fecha las partes celebraban sus contratos de acuerdo con la ley existente y con su forma de ejecución. La ley de 1905 no fué derogada con respecto a escrituras otorgadas antes de empezar a regir la Ley No. 69. De conformidad con la jurisprudencia existente, las partes o el notario no estaban obligados en julio 11, 1931, a fijar el valor de la finca, ya que tampoco les incumbía tomar ningún conocimiento de la ley de 1931· hasta que ésta efectivamente empezara a regir. Las partes tenían derecho a considerar que el sistema prevaleciente debía ser seguido. Estamos bastante convencidos de que dicha ley solamente era aplicable a escrituras que se otorgaran con posterioridad al 30 de julio y que escrituras otorgadas antes de dicha fecha estarían regidas por la Ley de 1905.

El recurrente también sostiene que el artículo 127 de la Ley Hipotecaria habla de que los contratantes fijarán el valor de la finca; que no hay contratantes en una escritura voluntaria. Somos de opinión que el artículo 127 era aplicable a toda clase de hipotecas, ora fuesen voluntarias o de cualquiera otra clase, toda vez que una escritura voluntaria presupone la aceptación final por el acreedor hipotecario. Aun la hipoteca voluntaria tiene por mira dos partes.

*Debe revocarse la nota del registrador y efectuarse la inscripción sin defecto subsanable.*